**In re MURRAY.**
**Patent Appeal No. 2730.**

Court of Customs and Patent Appeals.
May 25, 1931.

Milans & Milans, of Washington, D. C. (Usina & Rauber, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed to this court from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner, refusing to allow all the claims in his application, which are numbered 10 to 13, inclusive.

The alleged invention relates to heat-conducting tubes in steam boiler construction.

Claims 10 and 13 are illustrative, and follow:

"10. A heat-conducting unit for generating steam in boilers, said unit constituting a complete article of manufacture and comprising a tubular member with longitudinal flanges at opposite sides, said flanges having curved portions with their faces engaging the tube and making close contact across the entire width, so as to provide a broad path for the transmission of heat from the flange to the tube, said curved portion being welded to the tube and the outer portions of the flanges being free."

"13. The combination of a plurality of separate heat-conducting units for generating steam in a boiler, each unit comprising members alongside of and parallel to each other with longitudinal flanges at its opposite sides, each flange having a portion overlapping and welded to its tube and having an outer portion which is free and which overlaps a free edge of a flange on the adjacent tube, the widths of the respective flanges and the extent of the overlap being such as to expose substantially equal widths of the two flanges between each two tubes."

The claims were rejected upon the following references: Junkers, 1,125,113, January 19, 1915; White and Baker, British, 21,066 of 1892.

Appellant's disclosure shows the ordinary boiler tube to which are welded flanges, the description of which in the claims is regarded as sufficient for our purposes. The application and claims disclose two different structures which accomplish the same result, and which result appellant claims is useful and a great advancement in the art. In one structure more of the surface of the tube is covered by the welded flange than is covered in the other. Appellant's counsel argues that the welding of the flat surface of the flange to the tube affords a better conducting agency for conducting the heat from the tube to the flanges than obtains where the projection or flange is part of the tube itself.

The Examiner cited five references. The Board of Appeals contented itself with relying upon two of the references referred to by the Examiner.

Junkers is a patent for a boiler tube structure in which the flanges are welded to the pipe, the welded surface covering approximately one-half of the tube, substantially the same as is shown in Figure 6 of appellant's application. The flanges, however, in both of appellant's structures are not welded to each other, but overlap, which, according to appellant's contention, takes care of the expansion caused by the heat. The flanges in Junkers are welded to each other.

White and Baker, a British patent, shows five different methods of boiler construction, and in Figure 3 shows the flanges, which are projections or extensions of the tube, placed in overlapping position without being welded.

In the two references patents are disclosed the two claimed features of appellant's application. If appellant has made an invention, it rests in the combination of the two features taught by Junkers and White and Baker.

The Board of Appeals concluded that combining the two features, as appellant did, did not necessitate the exercise of inventive genius.

We agree with the conclusion of the Board that what appellant did called for no more than mechanical skill, and that the useful results which may flow from such a combination would be obvious to one skilled in the art. It seems clear to us that no new and useful result, not inherent in the two structures, is obtained by the combination of the two old features.

The decision of the Board of Appeals is affirmed.

Affirmed.